UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WINSTON MERRELL, individual, and as next )
of kin of CAMERON DWIGHT MERRELL, )
deceased, )
           )
           Plaintiff, )
           )
v. )       No. 3:21-CV-338-TAV-DCP
           )
ROANE COUNTY, GOVERNMENT, *et al.*, )
           )
           Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Additional Time to Submit Expert Disclosures and Complete Discovery [Doc. 20]. Defendants responded in opposition to the motion [Docs. 31 and 32], and Plaintiff replied [Doc. 33]. The motion is ripe for consideration. For the reasons explained below, the Court **GRANTS** Plaintiff's motion [**Doc. 20**].

## I.    ANALYSIS

Plaintiff requests twenty-one (21) additional days, or until November 19, 2022, to submit his expert's report because his expert needs more time "due to the unique facts in this case" [Doc. 20 p. 2]. In support of his request, Plaintiff submitted an Affidavit of Mark Meredith ("Meredith"), his expert, who states, "During the course of my review, I determined that I would require additional time to provide an opinion given the nature of the facts at issue" [Doc. 20-1 ¶ 2]. Plaintiff's request will affect other deadlines, so he also proposes moving Defendants' expert disclosure deadline, the discovery deadline, and the deadline for pretrial disclosures.

Defendant City of Harriman ("City") does not oppose the request to move the discovery deadline or the deadline for pretrial disclosures [Doc. 31]. In addition, if the Court grants Plaintiff's request in full, it does not contest moving its expert disclosure deadline. But the City states that moving Plaintiff's expert disclosure deadline allows him to circumvent Federal Rule of Civil Procedure 16. Specifically, the normal custom of the Court requires Plaintiff to disclose expert witnesses before Defendants. The City states that its dispositive motion deadline is the same deadline as Plaintiff's expert disclosure deadline, and the City filed its motion for summary judgment and provided several medical reports. The City asserts, "If the Plaintiff's request is granted, an unexpected and absurd result would occur, that being, the defense would be required to disclose expert witnesses prior to the Plaintiff" [Doc. 31 p. 5]. Such would defeat the purpose of the deadlines contained in the Scheduling Order because Plaintiff has the burden of proof in this case. In addition, the City argues that Plaintiff failed to show good cause for the extension. The City asserts that the Scheduling Order has been in place for almost ten (10) months and he should have known the potential need for an expert witness before he ever filed the lawsuit. The City argues that the length of the discovery period has been normal for this case and that Plaintiff sought the extension at the last possible moment. Defendant Roane County Government adopts the City's response [Doc. 32].

Plaintiff replies that he has established good cause for the extension in light of Meredith's Affidavit [Doc. 33]. Plaintiff explains that this is a civil rights case alleging violations of certain constitutional rights leading to the death of Cameron Merrell. He tried to seek an agreement to extend the deadlines when it became apparent that his deadline could not be reasonably met. Plaintiff denies that Defendants will sustain any prejudice because he also seeks an extension for Defendants to disclose their experts.

As an initial matter, the Court notes that Plaintiff's expert disclosure was due on October 28, 2022. *See* Fed. R. Civ. P. 6(a)(5) ("The 'next day' is determined by continuing to count forward when the period is measured after an event and backward when measured before an event."). Given that Plaintiff's motion was filed on October 28, his request is governed by the good cause standard. Federal Rule of Civil Procedure 6 states, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made[] before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). In addition, Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." In determining whether a party has shown good cause, the Court must consider whether he "diligently attempted to meet the original deadline." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).

The Sixth Circuit has articulated five factors to consider in determining whether the party was diligent: (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (citing *Audi AG v. D'Amato,* 469 F.3d 534, 541 (6th Cir. 2006)). Courts also consider whether the other party will be prejudiced. *Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, No. 319CV00014GNSLLK, 2022 WL 4692434, at *4 (W.D. Ky. Sept. 29, 2022) ("In addition to the good cause determination, the Court also considers whether the non-moving party will be prejudiced by an amendment to the scheduling order.") (citation omitted).

The Court has considered the parties' positions and finds that the above factors weigh slightly in Plaintiff's favor. Defendants concede that factor five (i.e., whether the adverse party

was responsive to prior discovery requests) is not relevant here. With respect to the remaining factors, while the parties had a lengthy discovery period prior to submitting expert disclosures, the Court notes that Plaintiff requests a brief extension. Further, it is not clear when Plaintiff learned of his need for an expert, but Plaintiff represents to the Court that when it became apparent that his expert needed more time, he communicated the same with defense counsel [Doc. 33 p. 2]. While Plaintiff should have filed his motion sooner, the Court does not find any evidence that supports a conclusion that Plaintiff has been dilatory. Instead, it simply appears that after reviewing the material in this case, Meredith needed a short extension to provide his expert report.

Further, the Court has considered Defendants' argument that they will be prejudiced because they have now moved for summary judgment and included in their motions several medical reports. The City asserts that the Scheduling Order "takes into consideration that it is the Plaintiff with the burden of proof and the Plaintiff who should be required to disclose his proof prior to the defense" [Doc. 31 p. 5]. But the Court notes that it is Defendants' burden to show that they are entitled to summary judgment, and they still have the opportunity to disclose their experts after Plaintiff provides Meredith's disclosure. Thus, the Court finds Defendants' arguments not well taken. In light of the brevity of the extension and Meredith's need for more time, the Court will grant Plaintiff's request.[1]

## II. CONCLUSION

Accordingly, for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Additional Time to Submit Expert Disclosures and Complete Discovery [**Doc. 20**]. The Court **ORDERS** as follows:

---

[1] Defendants point out that Meredith states that he will have his "preliminary disclosure completed" by November 19, 2022 [Doc. 31 p. 4 (quoting Doc. 20-1 ¶ 3)]. To the extent his report is not complete pursuant to Rule 26(a)(2), Defendants can file an appropriate motion.

4

1.  Plaintiff shall submit his expert disclosures on or before **November 19, 2022**;

2.  Defendants shall submit their expert disclosures on or before **December 19, 2022**;

3.  The parties shall complete all discovery on or before **January 27, 2023**; and

4.  The parties shall submit their pretrial disclosures on or before **February 27, 2023**.[2]

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[2] The Court notes that November 19, 2022, is a Saturday, but this is the date that Plaintiff has requested. With respect to the pretrial disclosure deadline, however, the Court has extended this deadline to Monday, February 27, 2023, as opposed to Sunday, February 26, 2023.

5