UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WINSTON MERRELL, individually and as next of kin of CAMERON DWIGHT MERRELL, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HARRIMAN, TENNESSEE, and JOHN DOE, JOHN DOE, JOHN DOE and JOHN DOE, in their official capacities as agents for Roane County Sheriff's Office and in their individual capacity, and JOHN DOE, JOHN DOE, JOHN DOE and JOHN DOE, in their official capacities as agents for the Harriman City Police and in their individual capacity,<br><br>    Defendants. | No.: 3:21-CV-338-TAV-DCP |

## MEMORANDUM OPINION

Before the Court is Defendant City of Harriman's Motion for Summary Judgment [Doc. 24]. Defendant moves the Court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 56 on several grounds. Plaintiff has responded [Doc. 43], and defendant replied [Doc. 46]. This matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained below, defendant's motion [Doc. 24] will be **GRANTED**, and this case will be **DISMISSED**.

### I.  Background

On August 24, 2020, an emergency 911 call was made by an employee of a gas station in Harriman, Tennessee, regarding an individual who appeared to be in distress

[Doc. 1-1, ¶ 22; Doc. 27-2]. Two officers from the City of Harriman's ("Defendant") police department responded to the call and assisted in the apprehension of the individual identified as Cameron Dwight Merrell ("Decedent") [Doc. 27, ¶¶ 4–5]. The encounter at the gas station between the officers and Decedent is seen on the body camera of one of the officers [*Id.* at ¶ 6; Doc. 27-1; Doc. 29]. A supervising officer arrived on the scene minutes after the two officers' encounter with Decedent at the gas station [Doc. 27, ¶¶ 4, 6]. The supervisor took over the on-scene investigation to allow Decedent to be transported to the county jail [*Id.*]. Decedent arrived at the jail approximately 15 minutes after defendant's officers first encountered him at the gas station [*Id.* at ¶ 5].

Decedent was later transported to the hospital and pronounced dead [Doc. 1-1, ¶ 30]. Defendant alleges the sole cause of Decedent's death was determined to have been due to acute methamphetamine toxicity [Doc. 26, ¶ 5]. However, plaintiff alleges that the actions and omissions of the officers who interacted with Decedent contributed to his death [Doc. 1-1, ¶¶ 1–4; Doc. 43, pp. 2–6]. At the time of Decedent's death, he had at least three children, and he was married to Amy Nicole Merrell [Doc. 1-1, ¶ 8(b); Doc. 24-1, ¶¶ 2–3].[1] Plaintiff is Decedent's father [Doc. 24-1, ¶1].

Based on the events that transpired on August 24, 2020, plaintiff filed this lawsuit both individually and "as next of kin" of Decedent against defendant and several John Doe

---

[1] In plaintiff's response to interrogatories, he indicates that Decedent had four children [Doc. 24-1. ¶ 3]. However, the youngest child is one year old, so it is unclear whether the child had been born at the time of Decedent's death [*Id.*].

defendants [Doc. 1-1, p. 1].[2] Plaintiff asserts a federal claim under 42 U.S.C. § 1983 for deprivation of Decedent's Fourteenth Amendment rights and two state law claims for wrongful death and intentional infliction of emotional distress [*Id.* at ¶¶ 35–59].

Defendant filed the instant motion for summary judgment as to all of plaintiff's claims [Doc. 24]. Defendant first argues that plaintiff lacks standing and capacity to bring any of his claims [*Id.* at 2]. In addition, as to plaintiff's § 1983 claim, defendant argues that it cannot be held vicariously liable for the actions of its employees, and there is no evidence to support plaintiff's claim that Decedent's constitutional rights were violated [*Id.*]. Further, as to plaintiff's claim for intentional infliction of emotional distress, defendant argues that it is immune from such a claim [*Id.*]. Finally, as to plaintiff's wrongful death claim, defendant argues that plaintiff's claim is not supported by the undisputed material facts, as Decedent caused his own death [*Id.*].[3]

## II. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

---

[2] The complaint also named Roane County Government as a defendant, but it was dismissed from the case after plaintiff filed a belated response to the County's motion for summary judgment, conceding that the motion should be granted in the County's favor [Doc. 54].

[3] Because the Court resolves defendant's motion on its standing argument, the Court need not analyze defendant's additional arguments.

3

Case 3:21-cv-00338-TAV-DCP   Document 58   Filed 07/25/23   Page 3 of 16   PageID #: 465

As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "[t]he non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### III.  Analysis

#### A.  Standing and Capacity to Sue

Defendant first argues that all of plaintiff's claims should be dismissed because plaintiff lacks standing and/or capacity to sue on Decedent's behalf [Doc. 24, p. 2]. Defendant contends that at the time of Decedent's death, it is undisputed that he was married and had three children [Doc. 28, p. 5]. In addition, defendant states it is undisputed that plaintiff is Decedent's father [*Id.*]. Thus, defendant argues that plaintiff has the burden to allege facts demonstrating that he has standing to sue on behalf of Decedent, Decedent's wife, and/or Decedent's children [*Id.*]. Defendant maintains that as a matter of Tennessee law, plaintiff is not the "next of kin" of Decedent, and as such, he lacks standing to bring this suit [*Id.*]. In addition, defendant asserts that plaintiff has not suffered an injury in fact that was traceable to the challenged conduct of defendant, as it was his son, i.e., Decedent, who purportedly suffered an injury [*Id.* at 6].

Defendant continues that if plaintiff challenges its standing argument by asserting that he has capacity to bring suit on behalf of Decedent, the result is the same [*Id.*]. While

4

capacity to sue does not necessarily impact subject matter jurisdiction under Article III, defendant argues that plaintiff lacks capacity to sue because Decedent has a surviving spouse and children [*Id.* at 6–7]. Even if he did not, defendant maintains that there is no evidence demonstrating that plaintiff is Decedent's personal representative [*Id.* at 7].

Plaintiff responds that he has standing in this case [Doc. 43, p. 7]. Citing to *Jenkins v. Obion Cnty.*, plaintiff contends that although Decedent's surviving spouse had the superior right above all others to file this action, she waived that right by not doing so [*Id.* at 8]. No. 20-cv-01056, 2021 WL 137845 (W.D. Tenn. Jan. 14, 2021). As a result, plaintiff argues that as Decedent's father, he has standing to file suit because Decedent's surviving spouse did not [*Id.*].

Defendant replies that plaintiff does not dispute that Decedent was married and had children at the time of his death, and he supplies no evidence that Decedent's surviving spouse predeceased Decedent [Doc. 46, p. 2]. In addition, defendant points out that plaintiff provides no evidence that he is the appointed personal representative of Decedent's estate [*Id.*]. Defendant further states that plaintiff's reliance on *Jenkins* is misplaced because it is not a case with precedential value and the court in *Jenkins* issued a ruling referencing that the plaintiff had been established as administrator of the estate [*Id.* at 3]. In contrast, defendant argues that there is no evidence in this case that plaintiff has been established as the administrator of any estate set up on behalf of Decedent, and thus, plaintiff lacks standing to bring suit on his behalf [*Id.*].

5

"Article III of the Constitution gives federal courts subject matter jurisdiction over actual cases or controversies, neither of which exists unless a plaintiff establishes his standing to sue." *Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012). Accordingly, "standing is the threshold question in every federal case." *Id.* (internal quotation marks omitted).

### 1.     42 U.S.C. § 1983 Claim

As a preliminary matter, the Court notes that plaintiff has brought both a wrongful death action under Tenn. Code Ann. § 20-5-106 and a claim under 42 U.S.C. § 1983 for violation of Decedent's civil rights [Doc. 1-1, ¶¶ 35–50]. Whether plaintiff has standing and/or capacity to bring each of these claims are separate issues. *See Jaco v. Bloechle*, 739 F.2d 239, 242–43 (6th Cir. 1984) ("[T]he wrongful death of the decedent resulting from a tort, which gives rise to the cause of action for the benefit of his heirs, is not equivalent to decedent's personal § 1983 claim[.]"). The Court will first examine plaintiff's § 1983 claim.

As a threshold consideration, there appears to be "a split among the federal circuit courts as to whether the immediate family members of a person killed by unconstitutional government action can recover for their own injuries[.]" *Kinzer v. Metro. Gov't*, 451 F. Supp. 2d 931, 941 n.4 (M.D. Tenn. 2006). However, the Court relies on the Sixth Circuit's holding in *Jaco* for guidance.

In *Jaco*, the Sixth Circuit analyzed whether the decedent's mother had standing to bring, among other claims, § 1983 claims for violation of the decedent's civil rights and a

6

wrongful death action under Ohio law. 739 F.2d at 240. The court first found that survival of civil rights actions under § 1983 upon the death of either the plaintiff or defendant is not covered by federal law, and as such, Ohio law was applicable. *Id.* at 241 (quoting *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978)). After the court concluded that preclusion of the § 1983 claims by Ohio law was contrary to the policy of § 1983, the court held that "the decedent's civil rights claim, a personal cause of action, may be pursued in the name of the decedent's personal representative, as defined by the law of the forum jurisdiction[.]" *Id.* at 243–45. Insofar as the decedent's mother qualified as his personal representative under Ohio law, the court held that she had standing to prosecute § 1983 claims arising from the decedent's death. *Id.* at 245.

Following *Jaco*, the Sixth Circuit affirmed that "only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim[.]" *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). In addition, "district courts within the Sixth Circuit have declined to allow § 1983 actions by family members[.]" *Wingrove v. Forshey*, 230 F. Supp. 2d 808, 824–25 (S.D. Ohio 2002) (collecting cases). In the context of Tennessee law, one case particularly instructive is *Epperson v. City of Humboldt*, 140 F. Supp. 3d 676 (W.D. Tenn. 2015).

In *Epperson*, the mother and sister of the decedent attempted to bring a § 1983 claim arising from the decedent's death. *Id.* at 680–81. The court noted that "[f]ederal district courts in Tennessee have looked to [Tenn. Code Ann.] § 20-5-106 to determine whether certain individuals have standing to sue for violation of the decedent's civil rights."

7

*Id.* at 682 (collecting cases). The court first concluded that the superior right to bring a survivor suit in Tennessee belongs to "a surviving spouse, then to any children, then to a parent, then to a sibling, and so forth." *Id.* (quoting *Sipes v. Madison Cnty.*, No. 12–1130, 2014 WL 2035685, at *2 (W.D. Tenn. May 16, 2014)); *see Beard v. Branson*, 528 S.W.3d 487, 499–500 (Tenn. 2017). The court then found that "[a]n inferior beneficiary may not sue until the person with the prior and superior right waives [her] right of action." *Epperson*, 140 F. Supp. 3d at 682 (quoting *Sipes*, 2014 WL 2035685, at *2).

The *Epperson* court concluded that because there was no surviving spouse and because no evidence existed to suggest the decedent's adult daughter had waived her right to bring action, the mother's and sister's claims should be dismissed. *Id.* The court continued by finding that even if the mother and sister expected to act as personal representatives of the decedent's estate, the decedent's adult daughter had priority over an administrator in prosecuting her own action. *Id.* at 682–83. As a result, all claims by the decedent's mother and sister were dismissed. *Id.* at 683.

Here, in the complaint, plaintiff states he brings his claims "in his capacity as next of kin under Tenn. Code Ann. §§ 20-5-106 and 20-5-107" [Doc. 1-1, ¶ 13]. Section 20-5-106(a) governs the beneficiaries of a wrongful death action and states that the right of action belongs to "the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin [or] to the person's personal representative, for the benefit of the person's surviving spouse or next of kin[.]" Section 20-5-107(a) governs those who may institute a wrongful death action and states "[t]he action may be

8

instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin[.]"

Plaintiff has identified himself in his interrogatory responses as the father of Decedent [Doc. 24-1, ¶ 1]. Plaintiff further admitted that at the time of Decedent's death, Decedent was married to Amy Nicole Merrell and had children [*Id.* at ¶¶ 2–3]. There is no evidence in the record that Decedent's wife or children predeceased him. In addition, there is no evidence in the record demonstrating that Decedent's wife has waived her right of action. Thus, based on the Tennessee statutes relied on by plaintiff, he has not demonstrated that he has standing to bring a § 1983 action arising from Decedent's death. *See Epperson*, 140 F. Supp. 3d at 682.

In addition, under Tennessee law, a personal representative can be named by the decedent in his or her will. *See Est. of Butler v. Peeples*, No. E2010–01991, 2011 WL 2084602, at *1 (Tenn. Ct. App. May 26, 2011). However, "[w]hen any person dies intestate in [Tennessee], administration shall be granted to the spouse of that person, if the spouse makes application for administration." Tenn. Code Ann. § 30-1-106. Only if the surviving spouse fails to make such application shall administration "be granted to the next of kin, if such next of kin apply for it." *Id.*

Here, there is no evidence in the record demonstrating that plaintiff was named Decedent's personal representative in his will or that plaintiff has made application as the next of kin for administration. *See Claybrook*, 199 F.3d at 357; *Jaco*, 739 F.2d at 245. In

9

addition, even if plaintiff showed that he was Decedent's personal representative, plaintiff would not be eligible to prosecute an action on Decedent's behalf because his surviving spouse has priority over an administrator in prosecuting her own action, and again, no evidence demonstrates she has waived such a right. *See Epperson*, 140 F. Supp. 3d at 682–83.

Plaintiff relies on *Jenkins* for the proposition that because Decedent's surviving spouse has taken no action and because plaintiff is Decedent's father, he has standing to bring this lawsuit [Doc. 43, pp. 7–8]. 2021 WL 137845, at *3. However, this case is distinguishable from *Jenkins*. First, the plaintiff in *Jenkins* filed the action as the administrator *ad litem* of the decedent's estate on behalf of their two minor children. *Id.* at *2. Here, plaintiff has filed this lawsuit in both his individual capacity and as next of kin of Decedent [Doc. 1-1]. He has not filed the lawsuit as an administrator of Decedent's estate, has not provided evidence that he is such an administrator, and has not filed the lawsuit on behalf of Decedent's surviving spouse or children. In addition, the *Jenkins* court stated, "Clearly, [plaintiff], as administrator *ad litem* (personal representative) had standing to file the lawsuit pursuant to [Tenn. Code Ann. §§ 20-5-106 and -107]." *Id.* at *3. As previously explained, here, plaintiff has not provided the Court with any evidence demonstrating that he has been named personal representative of Decedent's estate or that he has applied for administration of Decedent's estate.

Moreover, the surviving spouse in *Jenkins* had been notified of the proceedings to appoint the plaintiff as administrator *ad litem*, and the lawsuit was discussed with her on at

10

Case 3:21-cv-00338-TAV-DCP   Document 58   Filed 07/25/23   Page 10 of 16   PageID #: 472

least two occasions, during neither of which did she object to the filing of the lawsuit by the plaintiff. *Id.* Here, plaintiff has put forth no evidence demonstrating that Decedent's surviving spouse is aware of this lawsuit or that she does not object to the lawsuit. Thus, *Jenkins* is not persuasive in this case.

The Court notes that plaintiff indicated in his response to interrogatories that Decedent had not cohabitated with his wife "for some time before [his] death" and plaintiff "thinks she may have been in jail at the time" [Doc. 24-1, ¶ 2]. Subsection (c)(1) of § 20-5-106 states that the right to institute a wrongful death action can be waived by a surviving spouse if the next of kin establishes that "the surviving spouse has abandoned the deceased spouse as described in § 36-4-101(a)(13) or otherwise willfully withdrawn for a period of two (2) years." Section 36-4-101(a)(13) states, "The husband or wife has abandoned the spouse or turned the spouse out of doors for no just cause, and has refused or neglected to provide for the spouse while having the ability to so provide[.]"

Here, plaintiff has not met his burden of establishing abandonment or willful withdrawal as defined under the statutes. As to abandonment under § 36-4-101(a)(13), no evidence has been provided referencing the circumstances under which Decedent and his wife chose to no longer cohabitate with one another. As to willful withdrawal, plaintiff's vague statement that Decedent had not cohabitated with his wife for some time before his death does not give any indication if they had been living apart for two months or two years. The same is true for plaintiff's statement that Decedent's wife might have been in

11

jail at the time of his death, as plaintiff provides no time frame for how long she had been incarcerated or if she remained incarcerated thereafter.[4]

Accordingly, plaintiff does not have standing to bring a § 1983 claim arising from Decedent's death. For that reason, defendant's motion for summary judgment [Doc. 24] will be **GRANTED** as to plaintiff's § 1983 claim, and this claim will be **DISMISSED**.

### 2. State Law Claims

The Court will next analyze the issues of standing and capacity in relation to plaintiff's state law claims. The Court first notes that it has the discretion to decline to exercise supplemental jurisdiction over plaintiff's state law claims because, as determined *supra*, plaintiff's sole claim arising under federal law will be dismissed. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009); *Hoogland v. City of Maryville*, No. 3:19-CV-383, 2021 WL 3610459, at *14 (E.D. Tenn. Aug. 13, 2021).

However, the fact that a plaintiff lacks standing to assert a § 1983 claim does not necessarily preclude standing for a wrongful death action under state law; specifically, those courts that do not allow recovery on a § 1983 claim are "uniform in their recognition that family members may nonetheless have standing under state wrongful-death statutes to recover for their own injuries, [] *if such are permitted by state law*." *Kinzer*, 451 F. Supp.

---

[4] The Court further notes that none of the circumstances referenced by plaintiff negate the fact that plaintiff and/or his attorney could have attempted to locate Decedent's wife, informed her of her right of action, and given her the opportunity to execute a valid release of that right. *See* § 20-5-110(b). As an additional note, § 20-5-106(c)(3) requires the next of kin instituting a wrongful death action to "serve the surviving spouse with process as provided in the rules of civil procedure or by constructive service as may otherwise be provided by law," a requirement which plaintiff does not appear to have followed in filing this lawsuit.

12

2d at 941 n.4 (emphasis added). For this reason, the Court will analyze the issue of standing for plaintiff's state law claims.

"Federal courts must determine that a plaintiff has standing under Article III before considering whether a plaintiff has state-law standing." *Davis v. Detroit Pub. Schs. Cmty. Dist.*, 835 F. App'x 18, 23 (6th Cir. 2020). For standing under Article III, a plaintiff must show: (1) "an injury-in-fact—a harm that is both concrete and actual or imminent, not conjectural or hypothetical," (2) "a causal connection [] between the plaintiff's injury and the alleged conduct of the defendant," and (3) "redressability—a substantial likelihood that the requested relief will remedy the alleged injury in fact." *Id.* (internal quotation marks omitted). Here, plaintiff alleges no injury to himself under his claims for wrongful death or intentional infliction of emotional distress. Instead, the allegations underlying his claims are based solely on the alleged injuries suffered by Decedent [Doc. 1-1, ¶¶ 35–40, 51–59]. Thus, plaintiff lacks Article III standing to assert either of his state law claims.

In addition, plaintiff lacks standing under Tennessee law to bring the claims on Decedent's behalf. *See Davis*, 835 F. App'x at 24 (finding that applicable state law also barred plaintiff's state law claims in federal court). As stated previously, plaintiff brings his claims "in his capacity as next of kin under Tenn. Code Ann. §§ 20-5-106 and 20-5-107" [Doc. 1-1, ¶ 13]. However, under § 20-5-106, the priority of the right of action belongs to Decedent's surviving spouse, and there is no evidence in the record that she knows about her right of action and has waived that right. *See Foster v. Jeffers*,

13

813 S.W.2d 449, 453 (Tenn. Ct. App. 1991) (finding the surviving spouse can waive his right of action under the Tennessee wrongful death statute when he "knows that he has a right of action" and "fails to maintain control over it by either effecting a compromise or bringing the action to trial"). The Court also references and incorporates its earlier analysis as to abandonment and willful withdrawal under § 20-5-106(c)(1), neither of which are sufficient for a finding of waiver in this case.

In addition, under § 20-5-107, plaintiff has presented no evidence demonstrating that he is the personal representative of Decedent's estate. *Cf. Jenkins*, 2021 WL 137845, at *3 (finding the plaintiff could bring a claim for wrongful death under Tennessee law where the decedent's surviving spouse waived her right of action and the plaintiff was the "administrator *ad litem* (personal representative)" of the decedent's estate). Thus, plaintiff also lacks standing under Tennessee law to bring a wrongful death action.

As to plaintiff's claim for intentional infliction of emotional distress, § 20-5-102 states that no right of action arising from the wrongful act or omission of another shall abate by the death of the party wronged, "but the right of action shall pass in like manner as the right of action described in § 20-5-106." Thus, the analysis for whether plaintiff has standing under Tennessee law to bring a claim for intentional infliction of emotional distress on Decedent's behalf is the same analysis undertaken for plaintiff's wrongful death claim. Therefore, for those same reasons, plaintiff lacks standing to bring a claim for intentional infliction of emotional distress.

14

Case 3:21-cv-00338-TAV-DCP   Document 58   Filed 07/25/23   Page 14 of 16   PageID #: 476

Aside from the issue of standing, the Court makes a final note as to plaintiff's state law claims.  In plaintiff's response to defendant's motion for summary judgment [Doc. 43], plaintiff fails to address either of defendant's substantive arguments made as to his claims for wrongful death and intentional infliction of emotional distress [Doc. 28, pp. 12–16].[5]  Under this Court's Local Rules, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought."  E.D. Tenn. L.R. 7.2.  Thus, the failure of plaintiff to respond to either of the arguments raised by defendant on the state law claims is yet another reason for their dismissal.

Accordingly, defendant's motion for summary judgment [Doc. 24] will be **GRANTED** as to plaintiff's claims for wrongful death and intentional infliction of emotional distress, and these claims will be **DISMISSED**.

      **B.**    *Sua Sponte* **Dismissal of John Doe Defendants**

The Court raises *sua sponte* the issue of standing as it relates to the John Doe defendants named in this action.  The Court finds that because plaintiff lacks standing to bring any of his claims against defendant, he also lacks standing to bring any of his claims against the John Doe defendants.  *See Epperson*, 140 F. Supp. 3d at 680, 682–83 (dismissing all claims of the plaintiffs who lacked standing, including those asserted against "John Does One through Ten").  Thus, plaintiff's claims against the John Doe defendants will also be **DISMISSED**.

---

[5] Plaintiff did include a section on his claim for intentional infliction of emotional distress, but he only cited to the elements of this claim and included no analysis responding to defendant's arguments [*See* Doc. 43, pp. 11–12].

## IV. Conclusion

For the reasons explained above, defendant's motion for summary judgment [Doc. 24] will be **GRANTED**, plaintiff's claims against the John Doe defendants will be **DISMISSED** *sua sponte*, and this case will be **DISMISSED**. A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE